**UNIVERSAL RESOURCES CORPORATION, Plaintiff-Appellee, Cross-Appellant,**

v.

**PANHANDLE EASTERN PIPE LINE COMPANY, Defendant-Appellant, Cross-Appellee.**

No. 86–1420.

United States Court of Appeals, Fifth Circuit.

July 17, 1987.

---

Jacks C. Nickens, Houston, Tex., Michael Byrd, Akin, Gump, Strauss, Hauer & Field, Dallas, Tex., for defendant-appellants, cross-appellee.

Roy C. Cheatwood, Edward B. Poitevent, II, Nancy Scott Degan, New Orleans, La., for amicus Transcontinental—on rehearing.

B. Richard Moore, Jr., New Orleans, La., for amicus Southern Natural Gas—on rehearing.

John H. Cheatham, III, Edward B. Myers, Washington, D.C., for amicus Interstate Natural Gas Ass'n of America.

Dan S. Boyd, Dallas, Tex., for plaintiff-appellee, cross-appellant.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion March 31, 5 Cir., 1987, 813 F.2d 77)

Before REAVLEY and RANDALL, Circuit Judges, and WOODWARD,[*] District Judge.

PER CURIAM:

We decide only the issues presented by this case. The defenses mentioned in the footnote 4 of our opinion, for example, may be available to other buyers of gas under "take or pay" provisions, but the summary judgment record in this case will not support an issue on any of these defenses.

Panhandle contends that the core of its dispute with URC arose "when Panhandle realized that, contrary to the expectations of both Panhandle and URC, the URC gas reservoir did not have sufficient reserves to allow Panhandle to make-up in gas any take or pay payments made for current deficiencies in takes." There is a simple and short answer to that contention. The only summary judgment evidence Panhandle offered on its insecurity was a statement in two affidavits to the effect that URC's reserves would not make possible the production of the full makeup gas in excess of the contract quantity during the latter years of the five year period. Panhandle gave no pressure or production data on the wells or the reservoir. Its affiants merely stated the conclusion that the deficiency makeup gas would not be obtainable. That conclusion raised no issue of insecurity over URC's performance; it merely described the necessary consequence of the contract and of Panhandle's own performance.

Panhandle did not contract to buy nor did URC contract to sell a specified volume of gas but only to buy and sell 80% of the production or to pay if the full 80% of the production was not taken. After Panhandle took substantially less than 80% in the early years of the five year period, URC would be necessarily limited to 20% of ca-

[*] District Judge of the Northern District of Texas, sitting by designation.

pacity for makeup in later years if Panhandle should call for it. The full deficiency could not be produced under those circumstances. Additionally, the regulatory agency might possibly refuse to allow makeup production sufficient to meet the deficiency. Those possibilities, however, are built into the terms of the contract to which Panhandle bound itself. They are the consequences only of the contract terms and Panhandle's choice to take substantially less than the 80% contract quantity in the early years of the five year period. No material issue of fact was raised to resist the summary judgment for URC ordering payment for the contract quantity.

Panhandle's recourse against URC for payments made by Panhandle for gas not taken, should Panhandle call unsuccessfully for makeup delivery, is a question not before this court.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.